## Norfolk

### BRIAN NELSON

v.

### COMMONWEALTH OF VIRGINIA

No. 1548-92-1

Decided February 15, 1994

COUNSEL

Nosuk Pak (Gibson, Cowardin and Overman, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Brian Keith Nelson appeals his bench trial conviction for possession of cocaine with the intent to distribute. He contends the evidence was insufficient to prove beyond a reasonable doubt that he constructively possessed the cocaine. We agree and reverse.

On December 5, 1991, at approximately 10:30 p.m., S.R. Rutherford, Dennis Hostler and Sergeant Hogan of the Newport News Police Department executed a search warrant on Room Number 8 of the James River West Motel. Two males, Brian Nelson and Kacy Lewis, were inside the room. The small room contained one bed, a desk, a television set, a chair, and it had an adjoining bathroom. When the police entered, Nelson was seated at the foot of the bed eating a cookie next to the desk, and Lewis was standing near the door.

No drugs or drug paraphernalia were found in plain view. During the search, the police found in the bathroom, secreted in a toothbrush holder, a torn plastic bag containing ten white rock substances. On the carpet underneath the bed, they found a white rock-like substance. When both substances were analyzed, they were found to be cocaine, .91 grams in the plastic bag and .01 grams under the bed. In an open desk drawer, the officers found $496 in currency folded in half. On the desk top, they recovered a black and red logbook containing numbers. The name Kacy Lewis was written on the front of the logbook. Officer Rutherford, who had five years experience in narcotics investigations, testified that the numbers written on the front pages were telephone numbers with two-digit codes, representing pager numbers, and the figures written on the back pages indicated money disbursements.

In response to the officers' questions, Nelson stated that the room belonged to Lewis and that he was only visiting "for a few days." The room was registered to Kacy Lewis. Nelson denied knowing about the drugs. He admitted that some of the money in the desk drawer was his. Nelson testified that after he arrived at the motel room at 7:30 p.m. that evening to watch television with Lewis, he placed $300 on top of the desk along with his keys. He explained that Lewis said to him, "your money is going to be inside here," and Lewis then placed

Nelson's money in the drawer, apparently with his own. Nelson testified that the $300 was money he had remaining after recently having been discharged from the military. Nelson acknowledged that he lived at 163-C River Mews Drive in Newport News, the same city in which the motel was located.

■ The police also found numerous personal hygiene items in the bathroom, including two toothbrushes. Nelson's coat was found in a pile of clothes in the closet next to Lewis' coat. Based on this evidence, the trial judge found Nelson guilty of possession of cocaine with an intent to distribute. ˙

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which . . . [prove beyond a reasonable doubt] that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.' "

*McGee v. Commonwealth*, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

> In determining whether a defendant constructively possessed drugs, the defendant's proximity to the drugs and his occupancy of the [premises] must also be considered. Although mere proximity to the drugs is insufficient to establish possession, and occupancy of the [premises] does not give rise to a presumption of possession, Code § 18.2-250, both are factors which may be considered in determining whether a defendant possessed drugs.

*Josephs v. Commonwealth*, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (*en banc*) (citations omitted). "[P]ossession need not always be exclusive. The defendant may share it with one or more." *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). "[K]nowledge [that drugs are present] may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of narcotics *at the place where they were found*." *Hairston v. Commonwealth*, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (emphasis added) (quoting *People v. Pigrenet*, 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962)). However, "[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a

conviction." *Behrens v. Commonwealth*, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).

The only evidence that has any tendency to raise a suspicion linking Brian Nelson to the cocaine was the testimony that when the officers entered the room where cocaine was found, Nelson was present. Nelson also admitted that some of the money found in the room which was commingled with Lewis' money was his. He gave conflicting accounts as to how long he had been or was going to be staying in the room. He lived in the same city where he was staying in the motel.

■ However, no cocaine was found on Nelson. Had cocaine been in plain view, a reasonable person might infer that Nelson knew of its presence and was exercising control of it. The cocaine was not in plain view. In fact, the cocaine was secreted in a toothbrush holder in the bathroom, and a small amount was found on the carpet under the bed. There was no evidence that Nelson knew that cocaine was on the premises or that he exercised any control over it. The motel room was registered to Kacy Lewis. Kacy Lewis' name was on the front of the drug logbook. No evidence was introduced to establish whose handwriting had made the logbook entries. While possession of an illegal substance may be joint, all the evidence points to Lewis as the sole person who possessed the drugs. When a conviction is based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence." *Inge v. Commonwealth,* 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

■ The facts that Nelson's money was commingled with Lewis', that his coat was with a pile of other clothing on the floor, that two toothbrushes were in the bathroom, and that Nelson lived in the same city and gave conflicting accounts as to how long he had been or would be occupying the room, support the inference that Nelson had been occupying the room longer than he indicated. Although that evidence may be suspicious, or may even make it probable that Nelson knew of the presence of the cocaine, such circumstantial evidence is not sufficient to support a criminal conviction for possession of the cocaine. Suspicious circumstances alone are insufficient to sustain a conviction for possession of drugs with an intent to distribute. *See Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983); *Clodfelter v. Commonwealth*, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977); *Wright v. Commonwealth*, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); *Crisman v. Commonwealth*, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955). The evidence does not exclude every rea-

sonable hypothesis except that Brian Nelson knew that the cocaine was present and that he exercised dominion and control of it. Accordingly, we reverse the conviction and dismiss the charge.

*Reversed and dismissed.*

Bray, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the majority's finding that the evidence is insufficient to support the judgment of the trial court.

"Whether a defendant knows of the existence of narcotics at the place where they are found may be demonstrated through the defendant's declarations or conduct." *Lowery v. Commonwealth*, 9 Va. App. 314, 319, 388 S.E.2d 265, 268 (1990). Possession may be actual or constructive. *Castaneda v. Commonwealth*, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989). Such possession need not be exclusive, it may be shared. *Archer v. Commonwealth*, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

When viewed in the light most favorable to the Commonwealth, the evidence shows that when the police entered the premises, appellant was seated only two feet from a desk in which $496 was found folded as if one package, $300 of which appellant admitted was his. On that same desk was a logbook identified as containing information relating to the drug trade. Although appellant lived in the same city in which the motel was located, he had been in the motel with the registered occupant (Lewis) "for a few days." In the bathroom were numerous personal hygiene items, including two toothbrushes. Other than appellant, only the registered occupant, whose name was on the logbook, was shown to have entered or occupied the motel room during the few days that appellant was a co-occupant. The ten white substances proved to be rock cocaine were found in a torn plastic bag in a toothbrush holder near the two toothbrushes. Appellant's coat was discovered among other clothes and with the coat of the registered occupant.

Although proof that cocaine is found on the premises occupied by a defendant "is insufficient, standing alone, to prove constructive possession, . . . such evidence is probative of possession and is a circumstance which may be considered along with other evidence." *Hodge v. Commonwealth*, 7 Va. App. 351, 358, 374 S.E.2d 76, 80 (1988) (citations omitted). Another factor that is relevant is the possession of

large amounts of cash, which may be considered as evidence of involvement in drug distribution. *Johnson v. Commonwealth*, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991); *see also Colbert v. Commonwealth*, 219 Va. 1, 244 S.E.2d 748 (1978). An additional factor that may be considered is the quantity of narcotics possessed. *Hunter v. Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). The quantity that a defendant possesses "may indicate the purpose for which it is possessed." *Castaneda*, 7 Va. App. at 584, 376 S.E.2d at 87.

Appellant's explanation to the trial court, which differed from that to which the officers testified appellant gave at the time of his arrest, could reasonably have been rejected by the fact finder. "The credibility of the witnesses and the weight accorded their testimony are matters solely for the fact finder, who has the opportunity of seeing and hearing the witnesses." *Id.*

I would hold that the fact finder could have reasonably inferred from this record that appellant and Lewis occupied the motel room in joint possession of the rock cocaine with intent to distribute in violation of Code § 18.2-248, as charged in the indictment.

Accordingly, I would affirm the judgment of the trial court.