COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Agee
Argued at Chesapeake, Virginia


ERVIN McCOY HARRIS

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2183-01-1              JUDGE G. STEVEN AGEE
                                             JULY 30, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      James A. Cales, Jr., Judge

              Andrew Kolp, Assistant Public Defender
              (Office of the Public Defender, on brief),
              for appellant.

              Amy L. Marshall, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Ervin McCoy Harris (Harris) was convicted in the City of

Portsmouth Circuit Court of possession of cocaine, in violation

of Code § 18.2-250, and possession of marijuana, in violation of

Code § 18.2-250.1.  He was sentenced to eighteen months

incarceration for the possession of cocaine conviction, and

thirty days in jail for the marijuana conviction.  Harris now

appeals his convictions contending the evidence was insufficient

to establish his possession of the contraband.  For the

following reasons we affirm Harris' convictions.

--------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Portsmouth police detectives executed a search warrant at an apartment. Upon their entry, the detectives observed Harris and two women sitting on a couch. Immediately in front of the trio, approximately one to two feet away and "well within reach" of Harris, was a coffee table on which two baggies of cocaine and one marijuana blunt were in plain view. One baggie contained 2.13 grams of cocaine, while the other baggie contained 17 individual baggies of cocaine, collectively weighing 1.67 grams.

The search of the apartment uncovered Harris' identification on top of the refrigerator in the kitchen and his social security card in a pair of pants in an upstairs bedroom. Harris' name was not on the lease, but a detective testified that Harris told him that he resided at the apartment.

## II. ANALYSIS

On appeal, Harris contends the Commonwealth failed to prove that he possessed the cocaine and marijuana. We disagree and hold the Commonwealth established Harris' constructive possession of the narcotics.

-

## A.  STANDARD OF REVIEW

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

## B.  THE EVIDENCE IS SUFFICIENT

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it."  Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998) (citation omitted).

-

> [P]roof of actual possession, [however,] is
> not required; proof of constructive
> possession will suffice.  Constructive
> possession may be established when there are
> "'acts, statements, or conduct of the
> accused or other facts or circumstances
> which tend to show that the [accused] was
> aware of both the presence and character of
> the substance and that it was subject to his
> dominion and control.'"

Id. at 426, 497 S.E.2d at 872 (citations omitted).

> In determining whether a defendant
> constructively possessed drugs, the
> defendant's proximity to the drugs and his
> occupancy of the [premises] must also be
> considered.  Although mere proximity to the
> drugs is insufficient to establish
> possession, and occupancy of the [premises]
> does not give rise to a presumption of
> possession, . . . both are factors which may
> be considered in determining whether a
> defendant possessed drugs.

Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491,

498 (1990) (en banc) (citations omitted).  "[P]ossession need

not always be exclusive.  The defendant may share it with one or

more."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d

799, 806 (1970).  In addition, when narcotics are found in plain

view, a reasonable person might infer that those present knew of

its presence and were exercising control of it.  See generally

Nelson v. Commonwealth, 17 Va. App. 708, 711, 440 S.E.2d 627,

628 (1994).

Thus, in resolving the issue of constructive possession,

the trial court must consider "the totality of the circumstances

disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5,

-

8, 255 S.E.2d 351, 353 (1979). Circumstantial evidence may be sufficient to prove possession. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

We conclude the totality of the evidence sufficiently proves beyond a reasonable doubt that Harris possessed the contraband. Harris was present when police executed the search warrant and found the narcotics in plain view on the coffee table directly in front of Harris and easily within reach. Evidence established that Harris "stayed" at the apartment, if in fact he did not actually reside there. These facts coupled with the personal property belonging to Harris found throughout the house were sufficient to prove Harris possessed the narcotics jointly with others and to exclude all reasonable hypotheses of appellant's innocence. Although none of these circumstances, standing alone, would have sufficiently proved that Harris possessed the narcotics, the facts combined to support the finding that the narcotics discovered in plain view of, and within reach of, Harris were subject to his informed "dominion and control." See generally Hardy v. Commonwealth, 17 Va. App. 677, 682-83, 440 S.E.2d 434, 437-38 (1994).

This finding is consistent with our prior decisions. For example, in Brown v. Commonwealth, 5 Va. App. 489, 364 S.E.2d

-

773 (1988), we held the evidence to be sufficient to establish constructive possession by the defendant where police, executing a search warrant, found a mirror with cocaine on it, two pounds of cocaine, a strainer with cocaine residue on it and plastic bags all within arm's reach of the defendant and two other men. We upheld his conviction for possession with intent to distribute finding that Brown's close proximity to the drugs at issue, a fact from which the trial court could reasonably infer an awareness of the presence and character of the cocaine, "combined with . . . the fact that he was in the house about an hour," was sufficient to prove the narcotics were subject to his dominion and control.  Id. at 493, 364 S.E.2d at 775.[1]

Accordingly, we find the evidence to be sufficient in the case at bar to establish constructive possession and, therefore, affirm Harris' convictions for the possession of cocaine and marijuana.

Affirmed.

---

[1] See also Minor v. Commonwealth, 6 Va. App. 366, 371-72, 369 S.E.2d 206, 209 (1988).

-