8

## CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

v.

Ellis Thomas Carter

April 1, 2004

Case Nos. 03-000255, 03-000256

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule in the above case. Mr. Carter is found not guilty. The cases against Mr. Carter are dismissed.

The evidence at the trial disclosed that the Virginia State Police and the Nelson County Sheriff's Office executed a search warrant on the home of Mr. Carter. Pursuant to the search, cocaine and methamphetamine were seized.

The testimony further indicated that, at the time of the execution of the search warrant, there were five persons in the home of Mr. Carter. The evidence also disclosed that Mr. Carter's son and his girlfriend lived in the home.

The cocaine and methamphetamine seized were found in the drawer of a dresser in the bedroom of Mr. Carter. Illegal drugs were also found in the bedroom occupied by his son and son's girlfriend.

The testimony at trial also established that there is only one bathroom in the home of Mr. Carter and that the only access to the bathroom is through Mr. Carter's bedroom.

The evidence at trial did not indicate that Mr. Carter was found in his bedroom at the time that the search warrant was executed. While the police were searching the home of Mr. Carter, he told an investigator with the Virginia State Police that everything in the bedroom was his.

In order to convict a defendant of possession of illegal drugs, it is necessary to show that (1) defendant was aware of the presence and character of the particular substance and (2) was intentionally and consciously in possession of it. *Clodfelter v. Commonwealth*, 218 Va. 619, 622, 238 S.E.2d 820 (1977).

Possession of an illegal substance may be actual or constructive. In order to convict a defendant of constructive possession there must be "evidence of acts, statements, or conduct of the accused, or other facts or circumstances which . . . [prove] that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Nelson v. Commonwealth*, 17 Va. App. 708, 710, 440 S.E.2d 627 (1994). In the instant case, there is not sufficient evidence to establish either constructive possession or knowledge.

Occupancy of the premises does not give rise to a presumption of knowing possession. Va. Code § 18.2-250. The mere statement by the defendant that he had ownership of the room is not sufficient to establish either possession of the drugs or knowledge that they were present. Other people were in the home. Other people had access to the room. While these circumstances raise a suspicion, suspicion is not sufficient to support a verdict of guilty. *Clodfelter, supra*, at 623.

In the instant case, there are just not sufficient acts, statements, or conduct of the defendant which tend to show he was aware of both the presence and character of the drugs and it was subject to his dominion and control. Accordingly, the case is dismissed.