## Norfolk

ELSIE MARIE HAIRSTON

v.

COMMONWEALTH OF VIRGINIA

No. 0331-86

Decided October 6, 1987

COUNSEL

Warren David Kozak (Marcus and Santoro, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General of Virginia, on brief), for appellee.

OPINION

**DUFF, J.** — After trial by jury, Elsie Hairston was found guilty of possession of cocaine in violation of Code § 18.2-250. She was sentenced in accordance with the jury's verdict to one year in the penitentiary. On appeal, Hairston contends that the evidence of possession was insufficient to support her conviction.[1] We agree and reverse.

At trial, Detective Kevin O'Brien testified that he went to Hairston's residence on May 24, 1985, accompanied by several officers, to execute a search warrant for illegal narcotics. At approximately 1:30 a.m., they forced open the front door, proceeded to a locked bedroom, and kicked open the bedroom door. They entered the bedroom approximately five to seven seconds after they broke through the front door of the house.

In the bedroom the police encountered Lonnie Brown and Hairston, who was holding an eight-month-old infant in her arms. The baby was Hairston's grandson who had been left at her house at about 10 p.m. on May 23, 1985. Hairston's daughter, Vickie Witchard, testified that Hairston was not at home when she came to the house, so she left the child in the living room with Lonnie Brown and two of Hairston's children. Witchard stated that she

---

[1] Because we find that the Commonwealth's evidence was insufficient to support Hairston's conviction, we do not address the other issues raised in this appeal.

changed the child's diaper at 9:45 p.m. and that there was no cocaine present at that time. The record shows that Hairston arrived home at approximately 12:30 a.m. and found the child asleep in bed with Brown.

Detective O'Brien testified that when he entered Hairston's residence, two males, Hairston's son, Reggie, and Anthony Perry, were present in the den, and a twelve-year-old girl was asleep in another bedroom. O'Brien stated that when he entered Hairston's bedroom, he observed Lonnie Brown running towards the bathroom. He proceeded after Brown, saw that he did not possess narcotics or guns, and then turned to Hairston and removed the baby from her arms. O'Brien testified that he took the baby into the dining room, unsnapped the front of the baby's one-piece sleeper, and discovered a plastic bag containing 3.68 grams of cocaine lying between the diaper and the sleeper. He further stated that he never saw Hairston insert anything inside the baby's clothing.

Detective M. L. Gavin, the evidence technician, testified that the search also revealed the following: a capsule of cocaine in a black and red bag found in a dresser drawer, which also contained Lonnie Brown's driver's license and $636; a yellow capsule with residue and a bottle of Isotol powder found in the kitchen cabinet; two plastic bags with residue found lying in the kitchen trash can; and brown plant material, identified as marijuana, found in the attic and in a plastic bag behind a chair in the living room. Detective Gavin also stated that at the time of the search, he observed two males in the living room.

Hairston testified and denied any knowledge of the presence of drugs inside the baby's sleeper. She stated that she arrived at her home at approximately 12:30 a.m. and observed her son and a friend in the living room watching television and her grandson asleep in bed with Brown. She then went to sleep and was awakened approximately an hour later when the police broke into her bedroom.

■ Our standard for determining the sufficiency of the evidence is firmly established. The evidence and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth, and the judgment of the trial court will not be disturbed unless it is plainly wrong or without evidence to support it. *Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783,

784 (1983); *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982).

■ Further, where, as in the present case, the element of knowledge was based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Garland*, 225 Va. at 184, 300 S.E.2d at 784 (quoting *Carter*, 223 Va. at 532, 290 S.E.2d at 867); *Inge v. Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

■ The Commonwealth argues that when the facts are viewed in its favor, they are sufficient to support a finding that Hairston knowingly possessed cocaine. To convict a defendant of possession of an illegal narcotic drug, the Commonwealth must show that the defendant was aware of the presence and character of the drug and was intentionally and consciously in possession of it. *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970). "[K]nowledge . . . may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of narcotics at the place where they were found." *People v. Pigrenet*, 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962).

Applying these principles to the present case, we find that the Commonwealth's evidence failed to demonstrate sufficient acts or conduct from which the jury could properly infer that Hairston knowingly possessed cocaine. The Commonwealth merely established that Hairston held a child whose clothing contained a package of cocaine. No evidence was offered that Hairston placed the cocaine inside the baby's sleeper or that she knew that cocaine had been placed there.

The evidence showed that the child was at Hairston's house for approximately two and one-half hours before Hairston came home; that three male adults were with the child during this time; that upon Hairston's arrival, she went to bed next to Lonnie Brown and the child, who was asleep beside him; and that the police arrived within the hour and observed the baby in Hairston's arms. We find that this evidence did not establish circumstances "consistent with guilt and inconsistent with innocence." *See Garland*, 225 Va. at 184, 300 S.E.2d at 784. Hairston's act of holding the infant in her arms, while suspicious, was not such a

conclusive item of circumstantial proof that we can say it was inconsistent with her innocence. Moreover, suspicion, no matter how strong, is insufficient to sustain a criminal conviction. *Stover v. Commonwealth*, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981).

Accordingly, we find that the Commonwealth presented insufficient evidence to show that Hairston was aware of the presence of cocaine inside the baby's clothing or that she intentionally and consciously possessed the cocaine. *See Ritter*, 210 Va. at 741, 173 S.E.2d at 806. The judgment of conviction is, therefore, reversed and the indictment dismissed.

*Reversed and dismissed.*

Benton, J., and Hodges, J., concurred.