COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

PATRICK D. GOLDEN

v.          Record No. 0387-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                       JANUARY 30, 1996

                FROM THE CIRCUIT COURT OF YORK COUNTY
                  Russell M. Carneal, Judge Designate

            Karen M. Vannan (Buxton, Lasris & Vannan,
            P.C., on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Patrick D. Golden (defendant) was convicted in a bench trial

for possession of cocaine in violation of Code § 18.2-250(a).

On appeal, defendant challenges the sufficiency of the evidence

to support the conviction.  We affirm the judgment of the trial

court.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  Id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

While seated in marked police vehicles, parked side by side in an "area where a lot of drug sales are made," York County Sheriff investigator Ekstein and Virginia State Trooper Tate observed defendant standing approximately five feet "off to the right-hand side [of] a tree."  As they watched, defendant walked to a nearby basketball court and began "playing basketball, dribbling a basketball," with "several young kids."  However, "every once in a while" defendant would "look back at the base of the tree as if there was . . . something there."  This behavior aroused the officers' suspicions, and they walked towards the tree, noticing a "white piece of tissue paper" at its "fork," "less than a foot from the ground."  Ekstein opened the opaque tissue and discovered a "plastic wrapper" which contained "a white rock-like substance," the drugs in issue.

Defendant then approached the officers and in subsequent conversation claimed that an unidentified person had thrown the tissue to the ground and left the area just prior to their arrival.  Thinking that the tissue contained crack cocaine, defendant placed it "into the little crack . . . between the

branches of the tree," because he "didn't want any of the kids to get ahold of it."  Defendant explained that his cousin had "brought him to the area," but was unable to state the purpose of the visit.

"To convict a defendant of possession of illegal drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them."  Albert v. Commonwealth, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986).  "Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character."  Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990).  "The duration of the possession is immaterial . . . ."  Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974). "'[K]nowledge . . . may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of narcotics at the place where they were found.'"  Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (alterations in original) (citation omitted).

Here, defendant admitted actual possession of the tissue, believing that cocaine was hidden inside.  Although defendant stated that he attempted to remove it from the children's reach, he placed the tissue just a foot from the ground in plain view, and made no attempt to inform the officers of the circumstances when they arrived in the police vehicles.  Instead, he engaged in

- 3 -

basketball play with children, while keeping watch over the tree.

Such evidence, considered with the entire record, is sufficient to support a finding that defendant was aware of the presence and character of the drug concealed in the tissue, intentionally and consciously possessing it.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>