COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick

SAMPSON PRICE TERRY

v.   Record No. 1896-94-3          MEMORANDUM OPINION[*] BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                FEBRUARY 13, 1996

          FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                  Samuel M. Hairston, Judge

          Rickey G. Young (Law Office of Rickey G.
          Young, on brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Sampson Price Terry appeals his conviction for possession
with intent to distribute cocaine, second or subsequent offense.
He argues that the trial judge erred in refusing to suppress the
cocaine as evidence and that the evidence was insufficient to
support his conviction.  We affirm his conviction.

     On January 24, 1994, an investigator from the Henry County
Sheriff's Department informed the Pittsylvania County Sheriff's
Department that a capias had been issued for the arrest of
Sampson Terry, described as a black male about 5'11" tall, with a
medium build, medium complexion, a short hair cut, and a bad eye.
The investigator stated that Terry would be participating in a
drug transaction near a particular house, and that a grayish-blue
Honda with 30-day tags would be involved.  Investigator Ingram of

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the Pittsylvania County Sheriff's Department corroborated much of this information and received additional details through an informant. During the trial the informant was revealed to be Eric Williams, who lived in the house where the drug deal was to take place.

Based on the information they had received, Investigators Ingram and Baggerly set up surveillance of Eric Williams' house. A grayish-blue Honda arrived at the house, and the driver, Alexander Coleman, got out and went inside the house. Williams then came out of the house and got into the vehicle, returning with Terry in the front seat. On his way to pick up Terry, Williams motioned for Ingram to follow him, and stopped at a nearby intersection to speak with Ingram. After the vehicle returned to the house, Williams got out and went into the house, and Coleman came out and joined Terry in the car. Terry was in the front passenger seat.

The car, with Coleman driving, headed onto the highway. Ingram pulled out onto the same road, activated his emergency equipment, and stopped the vehicle. Baggerly, stationed at a different location nearby, assisted Ingram. Ingram approached the car and ordered the men to put their hands up. Coleman complied immediately, but Terry looked at Ingram through the window and did not comply. Ingram could see Terry's shoulders moving as if he were doing something with his hands. After the second or third order that he put his hands up, Terry did so. While looking at Terry through the window, Ingram noticed that he

had a "lazy eye." Ingram removed Terry from the vehicle, and handcuffed and arrested him.

After Terry was handcuffed and arrested, Ingram searched him and found a pocket knife and over $500.00 in cash. Ingram then searched the car, which did not belong to Terry, and found two pill bottles lying beside the passenger seat between the seat and the door. Each of the bottles contained small white rocks, which laboratory analysis proved to be cocaine. The knife and the money also carried traces of cocaine.

Ingram had used Williams as an informant on a number of occasions in the past, had obtained two or three search warrants based on his information, and on other occasions had used his information and found it to be accurate. On one occasion some years ago, Williams had given Ingram information that was not accurate, and he was charged with giving false information. Also, Ingram testified that Williams' attitude toward him had deteriorated several months prior to trial. Ingram believed this change occurred because he had executed a search warrant at Williams' house, and drug charges were brought against Williams based on the fruits of that search. These charges were brought after Terry's arrest.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. The verdict of the jury will not be disturbed unless it is plainly wrong or without evidence to support it. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218

S.E.2d 534, 537 (1975).

I

We first consider the suppression issue. Terry argues that the investigators lacked probable cause to stop the car in which Coleman and Terry were riding. A police officer may stop a motor vehicle, even without probable cause, for investigatory purposes if the officer has a reasonable articulable suspicion that the vehicle or its occupants are subject to seizure for violation of law. Delaware v. Prouse, 440 U.S. 648, 663 (1979); Bulatko v. Commonwealth, 16 Va. App. 135, 136-137, 428 S.E.2d 306, 307 (1993); Stroud v. Commonwealth, 6 Va. App. 633, 636, 370 S.E.2d 721, 723 (1988). Here, the police were looking for Terry in order to execute the capias from Henry County. They had reliable information that Terry would be traveling in a grayish-blue Honda with temporary tags, to a house where the informant, Williams, lived, and would be participating in a drug transaction. This information was sufficient to establish probable cause for the stop and search of the Honda at Williams' house.

In determining whether information from an informant is sufficient to establish probable cause, the court must evaluate the informant's reliability, veracity, and basis of knowledge. See Boyd v. Commonwealth, 12 Va. App. 179, 186-187, 402 S.E.2d 914, 918, 919 (1991). Williams had proven to be a reliable informant in the past. Williams knew the participants in the drug transaction. Coleman and Terry arrived and left just as Williams had predicted. Williams' information, along with the

information from the police in Henry County, provided a sufficient basis for the stop on two grounds.[1] First, the information was sufficient to provide probable cause that Terry, for whom they had a capias, was in the vehicle. Secondly, the information was sufficient to provide probable cause that a drug deal was in progress.

We hold probable cause existed to stop the vehicle because the investigators had reliable information that the occupants of the car were engaging in a drug transaction and Terry for whom they had a capias was in the vehicle. This same information gave the officers probable cause to search the vehicle. Also, probable cause to search the vehicle was strengthened by additional circumstances. When the car was stopped, the police confirmed that Terry was in the car. Terry then refused to put his hands up and moved his arms in a manner that suggested he was hiding something. When he was searched, he was carrying a knife and a large sum of cash. These circumstances gave the officers even greater cause to believe that the car contained drugs or other evidence of a crime. Given such probable cause, the right

---

[1]At the trial, Williams testified for the defense, denying that he had provided any information about Terry's involvement in a drug deal, and accusing Ingram and Baggerly of improper conduct. Williams' change in attitude toward Ingram took place after Terry was arrested, and had no bearing on the existence of reasonable suspicion for the stop. As for the effect of Williams' testimony on the sufficiency of evidence for the charge of possession, the jury as trier of fact was entitled to accept Ingram's and Baggerly's testimony and reject that of Williams. Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

to conduct a warrantless search extended to the entire car, including any closed containers within the car.  <u>United States v. Ross</u>, 456 U.S. 798, 820–822 (1982); <u>Westcott v. Commonwealth</u>, 216 Va. 123, 126, 216 S.E.2d 60, 63, (1975).[2]

An automobile may be searched without a warrant where there exist both probable cause to believe the car contains evidence of a crime and exigent circumstances.  <u>McCary v. Commonwealth</u>, 228 Va. 219, 227–228, 321 S.E.2d 637, 641 (1984).  An automobile's mobility and the likelihood that evidence will be lost or destroyed if the automobile is permitted to leave the scene constitute exigent circumstances.  <u>Id.</u>  The warrantless search of the car was valid, and therefore the trial judge did not err in denying the motion to suppress.

II

The defendant's conviction was based on constructive possession.  "To support a conviction based on constructive possession, `the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or

---

[2]The Commonwealth argues that Terry cannot contest the illegality of the search because he was merely a passenger in the car and therefore had no legitimate expectation of privacy.  In <u>Arnold v. Commonwealth</u>, 17 Va. App. 313, 437 S.E.2d 235 (1993), we held that a passenger lawfully present in the vehicle had a reasonable expectation of privacy in a shopping bag located at his feet.  The Court distinguished that case from <u>Josephs v. Commonwealth</u>, 10 Va. App. 87, 390 S.E.2d 491 (1990)(<u>en</u> <u>banc</u>), where the Court held that the defendant had no reasonable expectation of privacy because she was riding in a stolen car.  Here, although the car did not belong to Coleman or Terry, there is no evidence that it was stolen, and the record suggests that it was borrowed.  We therefore permit Terry to raise his Fourth Amendment claim with respect to the search.

circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Where the Commonwealth's case for constructive possession is based on circumstantial evidence, such evidence must be sufficiently convincing to exclude every reasonable hypothesis except that of guilt. Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994); Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (citations omitted).

Viewed in the light most favorable to the Commonwealth, the evidence showed that the sheriff's investigators had been informed that there would be a drug transaction between Terry and Coleman. Terry and Coleman came to the location as predicted, and cocaine was found on the passenger side of the vehicle, where Terry was riding. Terry appeared to attempt to hide the cocaine. He had in his possession a large quantity of cash and a knife, both of which carried traces of cocaine. These circumstances together warrant the reasonable inference that the cocaine found in the car belonged to the defendant and had been possessed by him. Josephs v. Commonwealth, 10 Va. App. 87, 100-102, 390 S.E.2d 491, 498-499 (1990)(en banc). At a minimum, the evidence showed joint possession of the drugs by Terry and Coleman. Id. at 99, 101, 390 S.E.2d at 497, 499.

For these reasons, we affirm the conviction.

<u>Affirmed.</u>