COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


CARZELL BENTON, S/K/A
 CARZELLE BENTON
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1510-96-1        JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 13, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            Theresa B. Berry (Samford & Berry, P.C., on
            brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Following a bench trial, appellant, Carzell Benton, was

convicted of possessing a fire bomb in violation of Code

§ 18.2-85.  He contends the evidence is insufficient to support

his conviction.  We disagree and affirm his conviction.

                                I.

        The pertinent facts follow.  Officer Phillips approached

appellant and his companion, Eric Kennerly, in a Virginia Beach

convenience store parking lot.  Phillips asked who owned the

vehicle appellant and Kennerly stood near; Kennerly responded

that it belonged to his fiancee.  Kennerly informed Phillips that

he was the driver of the vehicle and that the two men were headed

to New York.  Appellant, who sat on the sidewalk at the front of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the vehicle, told Phillips that the two men had been robbed in Norfolk earlier that evening, and he inquired of Phillips what action to take. During the conversation, Phillips noticed a white plastic, cylindrical object, eight or ten inches long, resting on the vehicle's passenger side floorboard. Kennerly became nervous when Phillips asked about the object. To Phillips, the object appeared to be drug paraphernalia. Kennerly retrieved the object, and Phillips placed it in his belt. Based on information provided by Kennerly, Phillips removed the object from his belt, placed it on the ground and contacted the bomb squad. Sergeant Batten testified as an explosives expert that the object was a military artillery simulator and that the labelling and tracking number on the device had been removed. The device was later detonated safely.

Captain Foster of the Virginia Beach Fire Department interviewed appellant with respect to the incident. Appellant told Foster he was aware of the presence of the device in the vehicle. Appellant stated that Kennerly had found the object on the ground at a Norfolk gas station earlier that evening and that appellant believed it to be a can of hair spray or a fire extinguisher. Appellant told Foster that he did not realize the object was an explosive device and that the men had taken it because they were curious. Appellant stated that the men had been staying with friends in Norfolk for two or three days and had gotten lost in Virginia Beach on their way back to New York.

He also told Foster that his wallet had been stolen when the men were robbed in Norfolk earlier that evening and that he did not report the robbery because he did not know the location of the police station. Foster testified that Kennerly's account of the evening's events was inconsistent with that of appellant.

Appellant testified in his defense. He stated he had come to Norfolk to show his line of designer clothes. He stated he had been staying with a friend of his in Norfolk, but he could not remember the individual's name because he knew "a lot of people." Appellant acknowledged that he was aware of the presence of the fire bomb in the vehicle but stated he thought it was trash that Kennerly had picked up and put in the car. Concerning the robbery, he testified that only Kennerly had been robbed, that he had been a half-block away at the time. He stated he did not take a wallet with him when he left New York. Appellant testified he and Kennerly stopped at the convenience store to get directions to the Chesapeake Bay Bridge, after driving around lost for over an hour. Appellant stated that, intending to return to New York, he and Kennerly did not attempt to report the robbery; they were concerned with the vehicle's malfunctioning and did not want to stop for fear of being robbed again. Appellant stated that he intended to report the robbery when the two men reached New York. Appellant testified that, following the robbery, he and Kennerly had only $10 between them. When confronted with the proposition that $10 would not get the

men back to New York, appellant stated that $10 was enough to get to his aunt's house in Richmond. Appellant stated he never contacted his aunt because he panicked after the robbery.

With respect to appellant's testimony, the trial court made the following observation:

> I would venture to say that if [appellant] had just testified on the stand and the next witness was sitting in the courtroom listening to his testimony, the next witness still could not give consistent testimony with [appellant's] testimony.
>
> I've had lots of people give false testimony in this courtroom; and, [appellant], I've got to tell you that you rank right up there with the worst. Your testimony is totally incredible -- totally.

The court convicted appellant of possession of the fire bomb.

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court does not substitute its own judgment for that of the trier of fact. Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). "It is fundamental that `the credibility of witnesses and

the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). Where the court finds a defendant's testimony to be incredible, it is entitled to infer that the defendant lied to conceal his guilt. Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

The Commonwealth's case was built on circumstantial evidence of constructive possession. "Circumstantial evidence is sufficient to support a conviction as long as it excludes every reasonable hypothesis of innocence." Price v. Commonwealth, 18 Va. App. 760, 767, 446 S.E.2d 642, 646 (1994).

> "To support a conviction based upon
> constructive possession, `the Commonwealth
> must point to evidence of acts, statements,
> or conduct of the accused or other facts or
> circumstances which tend to show that the
> defendant was aware of both the presence and
> character of the [contraband] and that it was
> subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Neither proximity to contraband nor presence on the premises where it is found is alone sufficient to establish constructive possession. E.g., Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882-83 (1992). However, both proximity and presence are factors the trial court may consider

in evaluating the totality of circumstances. <u>Lane v. Commonwealth</u>, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); <u>Brown</u>, 15 Va. App. at 10, 421 S.E.2d at 883; <u>Castaneda v. Commonwealth</u>, 7 Va. App. 574, 584, 376 S.E.2d 82, 87 (1989). An accused's knowledge of the presence of contraband "may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of [contraband] at the place where [it was] found.'" <u>Hairston v. Commonwealth</u>, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting <u>People v. Pigrenet</u>, 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962)).

We find sufficient evidence to support the trial court's finding beyond a reasonable doubt that appellant possessed the fire bomb. Appellant was a passenger in Kennerly's vehicle, and the fire bomb was found on the vehicle's passenger side floorboard. Appellant was aware of the object's presence in the vehicle. Although appellant denied knowledge that the object was a fire bomb, the trial court found his testimony to be totally incredible. That finding is supported by the record. Appellant gave conflicting accounts concerning his belief about the nature of the object, the alleged robbery, his presence in the Tidewater area and the "friend" with whom he had been staying but whose name he could not recall. Appellant also offered an incomprehensible explanation of his and Kennerly's plan to travel to New York when they were arrested. The trial court was

entitled to infer from appellant's "totally incredible" testimony that appellant had lied about his knowledge of the nature of the fire bomb, as well as the events surrounding his arrest, to conceal his guilt.

The decision of the trial court is accordingly affirmed.

<u>Affirmed.</u>