COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia

WILLIAM A. BUTTS

MEMORANDUM OPINION* BY
v.    Record No. 1345-98-3      JUDGE RUDOLPH BUMGARDNER, III
                                 MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Elwood Earl Sanders, Jr., Appellate Defender
(Public Defender Commission, on briefs), for
appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


The defendant appeals his conviction at a bench trial of possession of marijuana.  He contends the evidence was insufficient to establish that he had actual possession of the marijuana.  For the following reasons, we affirm.

On appeal we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, see Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988), and not substitute our judgment for that of the fact finder.  See Cable v. Commonwealth, 243 Va. 236,

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). Finally, the credibility of the witnesses and the weight to be accorded their testimony are matters solely for the fact finder who can accept or reject the testimony in whole or in part. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

Patrick Henry Correctional Unit officers received information that the defendant possessed marijuana, so they performed a shakedown inspection in his dormitory area. Three officers secured the area and brought the defendant there. The defendant admitted that the area around his bed contained his property.

As one officer picked up the defendant's pillow, he noticed that the defendant "actually paled." When he started to lay the pillow down, he testified, "you could see the relief on the defendant's face." The officer inspected the pillow again, and found two baggies of marijuana hidden in the pillowcase. The defendant admitted that the day before he helped two inmates package the marijuana which they found in his pillow. He denied hiding the drugs in his pillow and maintained that he was set up.

> Possession may be actual or constructive. Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character

                    of the substance and that it was subject to
                    his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364,

368-69 (1994) (en banc) (citations omitted).  Cf. Hairston v.

Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987).

Further, "proof that a person is in close proximity to contraband

is a relevant fact that, depending on the circumstances, may tend

to show that . . . the person necessarily knows of the presence,

nature and character of a substance that is found there."

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81,

83 (1992) (citation omitted).

        The defendant admitted helping package the marijuana the day

before.  When the officer picked up his pillow, his face paled.

When the officer replaced it, he looked relieved.  The

defendant's statement and conduct were sufficient to permit the

fact finder to infer that the defendant knew the drugs were

hidden where the officers found them.  See Hairston, 5 Va. App.

at 186, 360 S.E.2d at 895; Jones v. Commonwealth, 23 Va. App. 93,

99-100, 474 S.E.2d 825, 828 (1996).

        The defendant also argues that the fact that others had

access to his dormitory area raises an inference of innocence.

This argument is not persuasive.  Possession need not be

exclusive.  See Archer v. Commonwealth, 225 Va. 416, 418, 303

S.E.2d 863, 863 (1983).  Further, the record does not support the

contention that anyone had been in the defendant's area or had

interfered with it.  The defendant admitted that the items in

- 3 -

this area were his and that he knew the marijuana existed.  The defendant's hypothesis of innocence must flow from the evidence itself, not from the imagination of defense counsel.  See Spencer v. Commonwealth, 238 Va. 275, 283-84, 384 S.E.2d 775, 779 (1989), cert. denied, 493 U.S. 1036 (1990).

Concluding that the evidence is sufficient to permit a conviction, we affirm.

Affirmed.