COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


DAMIEN MONTEZ MOSLEY, S/K/A
 DAMIEN MONTEZ MOSELEY
                                    MEMORANDUM OPINION* BY
v.    Record No. 2477-98-3          JUDGE RICHARD S. BRAY
                                       DECEMBER 7, 1999
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Richard S. Miller, Judge

           Margaret A. Nelson, Senior Assistant Public
           Defender, for appellant.

           Leah A. Darron, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Damien Montez Mosley (defendant) was convicted in a bench

trial for possession of cocaine with intent to distribute,

possession of a firearm while in possession of cocaine, and

possession of a firearm by a convicted felon, violations of Code

§§ 18.2-248, -308.4, and -308.2, respectively.  On appeal, he

challenges the sufficiency of the evidence to support the

convictions.  Finding no error, we affirm the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

        *Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In accordance with well established principles, we assess the sufficiency of the evidence to support a criminal conviction upon a review of the record "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide."

Greene v. Commonwealth, 17 Va. App. 606, 607-08, 440 S.E.2d 138, 139 (1994).

Viewed accordingly, the record discloses that, during the evening hours of February 17, 1998, Lynchburg Police Investigators Wayne Duff and K.D. Holyfield were patrolling the vicinity of the Greenfield Apartments, "targeting" the recurring sale of illicit drugs in the area. Duff observed a man, suspected to be defendant, "run . . . inside of [an apartment] building from the breezeway." Aware of an outstanding arrest warrant and Juvenile Detention Order for defendant, Duff and Holyfield initiated an investigation. Acting on "prior information" given to Holyfield, the two proceeded to Apartment 108,[1] knocked at the door, and the tenant, Tanya Harper, admitted them to conduct a search for defendant.

---

[1] Duff was aware that defendant "stayed" somewhere in the building which housed Apartment 108, although he "lived" nearby with his grandmother.

-

Upon entry, the investigators observed "several . . . people" in the "living room" and two men "walking up the hallway from the bedroom-bathroom areas to the living room area."  After searching several rooms for defendant, without success, Duff noticed an individual "lying in the bed" of a darkened rear bedroom, "facing away from the doorway."  After identifying himself, Duff demanded, "let me see [your] hands and . . . face . . . me," and immediately recognized and arrested defendant.  Defendant was discovered by Duff approximately six minutes after he had been observed in the breezeway.

A search of the bedroom area by Duff revealed a .380 caliber semi-automatic pistol, "loaded with a round in the chamber," hidden "[u]nderneath the box spring [of the bed] which was elevated off the floor a few inches."  "Just to the left" of the firearm were "five bags of off-white chunks," later determined to be cocaine.  Both the weapon and the cocaine were "located directly under . . . defendant's feet . . . while . . . lying in the bed."  A search of defendant's person revealed a pager and $1,695 cash.  Duff testified that the amount and the denominations of the cash, together with the pager, were "typical" to "illegal street-level distribution of cocaine."

After Duff advised defendant of his Miranda rights, defendant stated that he "just went up there . . . 15 or 20 minutes" before the police.  He initially denied knowledge of the firearm, but, when asked if his fingerprints would be found on the gun, recalled

-

that someone had previously "passed" him the weapon in the living room.  Defendant explained to Duff that "people said that the security guards had come up . . . and that's when he went into the house.  And then he . . . touched the gun and they was, like, get everything out of the house because security must have called."  He denied knowledge of the subject cocaine but had "seen plenty of cocaine" in "the building" earlier that evening, some of which "could have been this five" bags.  Defendant admitted selling cocaine on prior occasions but denied personal use of the drug.

In challenging the sufficiency of the evidence to support his convictions, defendant addressed only the possession element of the several offenses.

> To support a conviction based on
> constructive possession, as in this case,
> "the Commonwealth must point to evidence of
> acts, statements, or conduct of the accused
> or other facts or circumstances which tend
> to show that the defendant was aware of both
> the presence and character of the
> [contraband] and that it was subject to his
> dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "Possession . . . need not always be exclusive.  The defendant may share it with one or more persons" and "[t]he duration of possession is immaterial."  Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974).  "[A] person may constructively possess [contraband] owned by another."  Harrison v. Commonwealth, 12 Va. App. 581, 585, 405 S.E.2d 854,

-

857 (1991).  The "principles applicable to constructive possession of drugs also apply to constructive possession of a firearm." Archer v. Commonwealth, 26 Va. App. 1, 12, 49 S.E.2d 826, 831 (1997).

"[O]wnership or occupancy of the premises where the drug [or weapon] is found does not create a presumption of possession," but "may be considered in deciding whether an accused possessed the [item]."  Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998) (citations omitted).  Similarly, it is "today universally recognized" that flight and deceit by an accused may evince a "'consciousness of guilt'" reflective "'of guilt itself'" and, therefore, also relevant circumstances to be considered by the fact finder.  Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 480 (1991) (quoting United States v. Ballard, 423 F.2d 127, 133 (5th Cir. 1970)).

When "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  However, "'[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [firearm,] drugs or paraphernalia where they were found near an accused.'"  Pemberton v. Commonwealth, 17 Va. App. 651,

-

655, 440 S.E.2d 420, 422 (1994) (quoting Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992)).  Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Here, defendant fled into the building immediately after police observed him outside the premises.  Within six minutes, he was located alone in the darkened bedroom of an apartment, in bed and feigning sleep.  At defendant's feet, beneath the box spring, police found the gun and drugs hidden together.  A search of defendant's person revealed items related to the narcotics trade, and he later admitted to prior sales of cocaine.[2]  He acknowledged an awareness that "plenty" of cocaine was present "in [the] building," including, perhaps, the five bags in issue.  After first denying contact with the firearm, defendant admitted handling the weapon moments before arrest.

Such evidence supports the finding that defendant exercised dominion and control of the drugs and firearm, with knowledge of the nature and character of each, both before and after hiding

---

[2] We recognize that evidence of intent to distribute cocaine cannot "'bootstrap' proof . . . that [an accused] actually or constructively possessed" it.  Scruggs v. Commonwealth, 19 Va. App. 58, 62, 448 S.E.2d 663, 665 (1994).  Here, however, such evidence established defendant's familiarity with the drug and related trade.

-

himself and the contraband in an attempt to elude and deceive police, circumstances clearly sufficient to support the convictions.

Accordingly, we affirm the trial court.

<u>Affirmed.</u>

Benton, J., dissenting.

To convict an accused of possession of a prohibited item, "[t]he Commonwealth must establish that the [accused] intentionally and consciously possessed it with knowledge of its nature and character . . . [and] the evidence . . . [must] exclude all reasonable conclusions inconsistent with that of the [accused's] guilt."  Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758-59 (1975).  "To support a conviction based upon constructive possession 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'"  Hancock v. Commonwealth, 21 Va. App. 466, 469, 465 S.E.2d 138, 140 (1995) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  The existence of evidence necessary to prove elements of the offense "cannot be based upon surmise or speculation."  Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).  "To satisfy the due process requirements of the . . . Constitution, the prosecution must bear the burden of proving all elements of the offense beyond a reasonable doubt."  Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983).

Mosley's conviction for constructive possession was based on circumstantial evidence.

-

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence. In LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), [the Supreme Court] summarized those principles as follows:
>
>> ". . . [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. . . ."
>
>> But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

The evidence proved that the police officers saw Mosley outside an apartment building and sought to capture him because of an outstanding warrant for his arrest. The officers pursued Mosley to an apartment where his friend Tonya Harper resided. At least five other persons were in the apartment before Mosley

-

entered the apartment.  The evidence proved that Mosley did not reside at this apartment.

After the officers entered the apartment and began to search for Mosley, they encountered two men "walking up the hallway from the bedroom-bathroom areas to the living room area."  The officers went past the men and searched the bedrooms.  Shining a flashlight into the darkened bedrooms, the officers found Mosley lying on a bed in one of the rooms.  The officers put handcuffs on Mosley and removed him from the bed.  Searching the room, the officers "lift[ed] the box spring and mattress off of the ground" and found cocaine and a gun beneath the bed.  From the time the officers saw Mosley enter the apartment until they arrested him, no one saw Mosley in possession of either the cocaine or the gun.

The evidence also proved that Harper's apartment had been searched five weeks earlier incident to a search warrant. Harper was the lessee of the apartment when the police conducted that earlier search.  During that search, the police found drugs and paraphernalia consistent with drug use and the drug trade. When searching the same bedroom, the police found and seized a large sum of money, cocaine, marijuana, and marijuana smoking devices.  Mosley was not in the apartment during that search.

"Suspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430,

-

432 (1986).  In Hairston v. Commonwealth, 5 Va. App. 183, 360 S.E.2d 893 (1987), where the accused "held a child whose clothing contained a package of cocaine," we reversed a conviction for possession of cocaine because no evidence proved the accused "placed the cocaine inside the baby's [clothing] or . . . knew that cocaine had been placed there."  Id. at 186, 360 S.E.2d at 895.  We applied the well established principle that "suspicion, no matter how strong, is insufficient to sustain a criminal conviction."  Id. at 187, 360 S.E.2d at 895 (citing Stover v. Commonwealth, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981)).

The evidence in this case merely proved that Mosley fled from the police who were seeking to arrest him on an outstanding warrant.  He entered a friend's apartment and was found in a dark room lying on a bed under which cocaine and a weapon were later found concealed between the mattress and box springs.  He made no statement and committed no act indicating he knew these items were under the mattress.  Further, no evidence demonstrated his knowledge of the presence of the cocaine or the weapon under the bed.  See Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 665 (1994).

These facts do not negate the reasonable hypothesis that Mosley went to the bedroom solely to elude an arrest on the outstanding warrant.  Not only did the evidence fail to prove Mosley knew the gun and cocaine were under the bed, the presence

-

of the gun and cocaine is explained by other circumstances independent of Mosley.  The apartment of his friend was a place where narcotics had previously been found by the police. Although earlier that day Mosley had seen some of those items in Harper's living room, no evidence proved he knew they had been put in the bedroom.  The evidence merely allows the inference that Mosley was a guest of Harper, who lived in the apartment. See Huvar v. Commonwealth, 212 Va. 667, 668, 187 S.E.2d 177, 178 (1972) (holding that an accused's mere presence in another person's apartment when drugs are found is not sufficient to sustain a conviction for possession of those drugs).

This evidence failed to prove Mosley intentionally or consciously possessed the items that were found beneath the mattress and box spring.  Indeed, no evidence proved he knew they were there.  The totality of these facts is not inconsistent with his innocence regarding possession of the drugs and the gun.