COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


DERRICK ANTONIO WILLIAMS
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0393-01-1        JUDGE RUDOLPH BUMGARDNER, III
                                          FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Von L. Piersall, Jr., Judge

           Charles B. Lustig, Assistant Public Defender
           (Brenda C. Spry, Deputy Public Defender, on
           brief), for appellant.

           Susan M. Harris, Assistant Attorney General
           (Randolph A. Beales, Attorney General, on
           brief), for appellee.


     The trial court convicted Derrick Antonio Williams of

possession of heroin in violation of Code § 18.2-250.  He

challenges the sufficiency of the evidence.  Finding no error,

we affirm.

     Examining the evidence in the light most favorable to the

Commonwealth, Officer L.A. Stokes was walking toward the

defendant as the defendant emerged from behind a dumpster.  They

were facing each other and approximately ten yards apart.  The

defendant dropped a yellow baggie from his hand when he made eye

contact with Stokes.  Stokes walked directly to the baggie.  The

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

defendant looked at him, then changed direction, and walked away at an accelerating pace. Stokes retrieved an M&M baggie that contained "numerous clear capsules containing a white powder which [Stokes] believed to be heroin."

Stokes looked for the defendant but could not find him. He recognized the defendant's face from prior contact with him but did not know his name. Stokes processed the baggie without the defendant's name, stored it in a locker in the property and evidence room, and waited until he encountered the defendant again. Nine days later, Stokes saw the defendant and arrested him for having possessed the M&M baggie of heroin. Stokes re-packaged the M&M baggie to add the defendant's name to the data. It was mailed to the laboratory for analysis.

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 894, 899 (1994) (citation omitted). Proof of actual possession gives rise to the inference that the possessor is the owner and knows its character. Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433 S.E.2d 27, 29 (1993). The court may also consider the defendant's "acts, declarations, or conduct" in determining his knowledge. Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987); Johnson v. Commonwealth, 12 Va. App.

-

150, 153, 402 S.E.2d 502, 504 (1991) (flight may be considered consciousness of guilt).

Upon seeing Officer Stokes, the defendant dropped a yellow M&M baggie, quickened his pace, and disappeared. Stokes recognized the defendant, though he did not know his name. He immediately retrieved the bag, which contained heroin. Nine days later, Stokes saw the defendant, identified him as the man who dropped the baggie, and arrested him. From his actual possession, the trial court could reasonably infer the defendant intentionally and knowingly possessed the heroin. "Numerous decisions have affirmed convictions for possession of narcotic drugs resting on proof that a defendant was observed dropping or throwing away an identifiable object which, when subsequently recovered, was found to contain narcotics." Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (conviction reversed where officer did not see defendant discard envelope) (citations omitted).

The defendant objected to the admission of the certificate of analysis alleging a break in the chain of custody. He asserted that an unaccounted for person must have had access to the evidence locker. "[T]here's someone else out there who had a key . . . and access to the locker . . . and the Commonwealth has not put that person on to . . . establish the chain [of custody]." The trial court overruled the objection and admitted the exhibits. The defendant did not appeal the admission of the

-

certificate of analysis.  He now raises the same contention as part of his challenge to the sufficiency of the evidence.  The argument was not made as part of his motion to strike, and we will not consider it separately now.  Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue).

Accordingly, credible evidence proved beyond a reasonable doubt that the defendant intentionally and knowingly possessed the heroin.

Affirmed.

-