**Richmond**

VINCENT LORENZO SCRUGGS

v.

COMMONWEALTH OF VIRGINIA

No. 0387-93-2

Decided September 20, 1994

COUNSEL

Gregory W. Franklin, for appellant.

Robert B. Condon, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Vincent Lorenzo Scruggs appeals his convictions for possession of cocaine with intent to distribute, Code § 18.2-248, and possession of a firearm while in possession of cocaine, Code § 18.2-308.4. Scruggs challenges the sufficiency of the evidence to prove that he possessed the cocaine found in his car. We reverse the convictions.

## I.

In the afternoon of November 17, 1992, police officers Daniel Niedhammer and Cynthia Van Landingham drove into the 2100 block of Afton Avenue. Niedhammer testified that he saw Scruggs get into an automobile and drive away. Charles Ross was seated in the front passenger seat of Scruggs's automobile. Niedhammer got into his marked police vehicle, made a U-turn, and followed Scruggs. From a distance of one to two automobile lengths, Niedhammer saw Scruggs lean to the right and saw Ross moving around in his seat. Niedhammer then signaled Scruggs to stop. Niedhammer testified that he could not see Scruggs or Ross below their shoulders and that he did not know what, if anything, they were doing. When Scruggs stopped, Niedhammer approached the automobile and ordered Scruggs to put his hands outside the window. Scruggs complied and told Niedhammer that he had a gun in the automobile. The gun was in plain view on the console.

Niedhammer ordered Scruggs to exit the automobile, performed a pat down search, and put handcuffs on him. Niedhammer ordered Ross to exit the automobile and then conducted a "protective sweep" of the automobile. He observed that a maroon shirt covered the front passenger seat where Ross had been sitting. Underneath the shirt, the passenger seat was badly damaged with numerous slits and holes. In one of those slits was a plastic bag containing eighteen rocks of cocaine. Some of the rocks were individually packaged in plastic bags. Niedhammer testified that the cocaine discovered in Scruggs's car had an approximate value of $450. Niedhammer also saw a set of keys next to the cocaine in the slit. The keys belonged to Ross.

Niedhammer arrested Scruggs and Ross for possession of cocaine. When he searched Scruggs, Niedhammer found $485 on Scruggs's person. After Niedhammer asked who owned the gun, Scruggs gave him a receipt, which indicated that Scruggs had purchased the gun one week earlier.

Scruggs testified in his defense that he did not know cocaine was present in his car until Niedhammer found it. He testified that he was unemployed on the day of his arrest and that he won money while gambling in a dice game. He further testified that he was gambling in an alley when Ross approached him and asked for a ride home. When the police arrived, Ross got into the unlocked automobile before Scruggs did. Scruggs testified that when the police followed him, he leaned over to move the gun off the floor so that it would not appear to be concealed.

Another witness testified that he saw Scruggs gambling that afternoon. When he joined the game, Scruggs was already there and was winning. The witness lost $150 in the hour that he was in the game.

The jury convicted Scruggs on this evidence. This appeal concerns only the sufficiency of the evidence to sustain the convictions.

## II.

In reviewing a challenge to the sufficiency of evidence to sustain a conviction, we are guided by well established principles. We view the evidence in the light most favorable to the Commonwealth and accord to that evidence all reasonable inferences that

flow from it. *Harward v. Commonwealth*, 5 Va. App. 468, 479, 364 S.E.2d 511, 516 (1988). In reviewing that evidence, however, "we cannot . . . disregard credible, unimpeached evidence of the Commonwealth which exculpates the defendant and creates a reasonable doubt." *Id*. A conviction based on circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence. *Cook v. Commonwealth*, 226 Va. 427, 433, 309 S.E.2d 325, 329 (1983). Thus, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence. *Bishop v. Commonwealth*, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1983).

The evidence proved that Scruggs was not in actual possession of the cocaine. The Commonwealth relies on the theory of constructive possession and argues that the circumstances proved that Scruggs was aware of the presence and character of the cocaine and that the cocaine was subject to his dominion and control. *See Josephs v. Commonwealth*, 10 Va. App. 87, 99-100, 390 S.E.2d 491, 497-98 (1990) (en banc).

We agree with Scruggs's argument that no evidence proved that Scruggs was aware of the presence and character of the cocaine in his car. The cocaine was secreted in the seat under Ross and beneath a shirt. Neither Ross nor Scruggs made any statements that implicated Scruggs as the person who possessed the cocaine. We must reject the Commonwealth's argument that Scruggs must have possessed the cocaine because it was hidden in his automobile. Ownership of a vehicle where drugs are found and mere proximity to the drugs, though factors which the fact finder may consider, are insufficient alone to prove possession. Code § 18.2-250; *Hairston v. Commonwealth*, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987).

The Commonwealth also contends that Niedhammer's observations of Scruggs leaning to his right and Ross fidgeting in his seat are factors that tend to prove that Scruggs was aware of the presence and character of the cocaine. Niedhammer admitted, however, that he could not see below either man's shoulders and, thus, could not see what either man was doing while Scruggs was leaning to the right. To assume from that testimony that Scruggs was hiding cocaine under Ross and beneath the maroon shirt in a slit in the car seat is nothing more than speculation. The Commonwealth's theory is not more probable than the hypothesis that

Ross, unbeknownst to Scruggs, put the cocaine under the shirt. Indeed, the evidence proved that Ross's keys were discovered within two inches of the cocaine and under the same shirt.

The Commonwealth also argues that Scruggs's possession of a gun and a large quantity of cash proved that he possessed cocaine. No evidence proved that Scruggs unlawfully possessed the cash or the weapon. Scruggs's mere possession of a gun and cash was insufficient to support an inference that he possessed the drugs found in the passenger's seat and, thus, was insufficient to support his conviction.

The Commonwealth also argues that the jury could have inferred from Scruggs's possession of $485 in twenty, ten, and five dollar bills that Scruggs had recently sold cocaine. The record is devoid of evidence that Scruggs or anyone else had recently sold cocaine or was engaged in a transaction involving the sale of drugs. Even if possession of the cash and the firearm might somehow be relevant to proving an intent to distribute cocaine, circumstantial proof of Scruggs's intent cannot be used to "bootstrap" proof of the predicate fact that he actually or constructively possessed cocaine.

The Commonwealth further argues that Scruggs may have shared possession with Ross. Although possession need not be exclusive and may be shared with another, *Josephs*, 10 Va. App. at 99, 390 S.E.2d at 497, nothing in the record suggests that Scruggs knew that Ross possessed cocaine or had hidden any cocaine. Although both men were riding in the automobile, no evidence or rule of law compels a finding that a person who shares an automobile with another necessarily knows that the other person has contraband or also shares possession of contraband that the other person has in the automobile. *See Crisman v. Commonwealth*, 197 Va. 17, 20-21, 87 S.E.2d 796, 798-99 (1955) (occupants of an automobile not presumed to know that a small amount of white powder on the floor was heroin); *Jones v. Commonwealth*, 17 Va. App. 572, 573, 439 S.E.2d 863, 864 (1994) (occupant of automobile not presumed to have awareness of presence and character of small pieces of cocaine on tray between occupant and driver).

The evidence does not exclude the hypothesis that Ross placed the cocaine and his keys under the shirt. No evidence proved that Scruggs was aware of any such action by Ross. Because there

exists a hypothesis of innocence consistent with the circumstantial evidence in this case, we reverse the conviction for possession of cocaine with intent to distribute and dismiss the indictment. Because Code § 18.2-308.4 prohibits possession of a firearm only if the person also is in possession of cocaine, we also reverse that conviction.

*Reversed and dismissed.*

Willis, J., and Elder, J., concurred.