COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Richmond, Virginia

GAYLE FRANKLIN COMBS

v.          Record No. 1499-94-2     MEMORANDUM OPINION[*] BY
                                     JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  OCTOBER 24, 1995

            FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
                  F. Ward Harkrader, Jr., Judge

        John W. Luxton (Morchower, Luxton & Whaley,
        on brief), for appellant.

        Robert B. Beasley, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


    Appellant, Gayle Franklin Combs, appeals his conviction for

possession of marijuana in violation of Code § 18.2-250.1 on the

ground that the evidence is insufficient to sustain the

conviction.  For the reasons stated below, we reverse.

    On February 20, 1994, Deputy T.P. Collins of Goochland

County observed an automobile traveling on Route 6 and followed

it for several miles.  As Collins followed, he noticed that the

vehicle weaved several times and exceeded the speed limit.  Prior

to activating his emergency equipment, Collins noticed a burning

"cigarette type object" thrown from the vehicle's passenger

window.  Collins stopped the vehicle, which was owned and driven

by Mr. Stafford.  When Stafford lowered the driver's side window,

Collins could smell the strong odor of marijuana and alcohol.  As

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Stafford performed sobriety tests, per Collins' instructions, Combs sat in the front passenger seat. Later, Combs was directed to exit the vehicle, and Stafford consented to the vehicle's search. Approximately 3.7 grams of marijuana were found hidden between the passenger door and passenger seat, where Combs had been seated. Combs had no marijuana or contraband on his person, and Collins could not recall if he found any cigarettes on Combs. In a de novo appeal from the general district court, Combs was tried without a jury and convicted of possession of marijuana.

To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts and circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). "A conviction based on circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence." Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 664 (1994) (citation omitted).

Where the sufficiency of the evidence is challenged on appeal, the Court must consider the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The

"judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Hambury v. Commonwealth, 3 Va. App. 435, 437, 350 S.E.2d 524, 524 (1986).

In this case, the evidence was insufficient to prove beyond a reasonable doubt that Combs was aware of the presence and character of the marijuana in Stafford's vehicle. As the Court has stated, "[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction." Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). The marijuana was concealed between the passenger door and passenger seat, and the facts indicate that it was "hidden" from view. While Combs' proximity to the marijuana and his occupancy of the vehicle are factors to be considered, Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990), "no evidence or rule of law compels a finding that a person who shares an automobile with another necessarily knows that the other person has contraband or also shares possession of contraband that the other person has in the automobile." Scruggs v. Commonwealth, 19 Va. App. 58, 62, 448 S.E.2d 663, 665 (1994); see Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (occupant of automobile not presumed to be aware of presence and character of small pieces of cocaine on tray between occupant and driver).

The evidence in the record proves Combs' proximity to the marijuana, but nothing more.  There were no acts, statements, or other conduct establishing that he was aware of the presence of the marijuana.  Officer Collins could not state with any certainty that a marijuana "joint," as opposed to a cigarette, was thrown from the passenger window.  It is not unreasonable to hypothesize that Combs had thrown a cigarette from the window, or that marijuana had been smoked in the vehicle before he became a passenger.  In short, the Commonwealth could not exclude every reasonable hypothesis of innocence flowing from the evidence. See Hamilton v. Commonwealth, 16 Va. App. 751, 433 S.E.2d 27 (1993).  "A conviction resting on circumstances which cast 'a suspicion of guilt, however strong, or even a probability of guilt is insufficient to support a criminal conviction.'" Sutphin v. Commonwealth, 1 Va. App. 241, 244, 337 S.E.2d 897, 898 (1985) (quotation omitted).

The appellant's conviction is reversed.

Reversed.