COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


WAVERLY G. HAWKINS
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2402-95-1    JUDGE RICHARD S. BRAY
                                        NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Rodham T. Delk, Jr., Judge

            John C. Lauterbach, Jr. (James L. Grandfield,
            Assistant Public Defender, on brief), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Waverly G. Hawkins (defendant) was convicted in a jury trial

for possession of cocaine and, on appeal, challenges the

sufficiency of the evidence.  We affirm the conviction.

        Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Traverso v. Commonwealth, 6 Va. App. 172, 176, 366

S.E.2d 719, 721 (1988).  The jury's verdict will not be disturbed

unless plainly wrong or without evidence to support it.  Id.  The

credibility of a witness, the weight accorded the testimony, and

the inferences to be drawn from proven facts are matters solely

for the fact finder's determination.  Long v. Commonwealth, 8 Va.

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

App. 194, 199, 379 S.E.2d 473, 476 (1989).

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

While on routine patrol, Officer Vidrine observed an unlighted truck parked in a roadway. As Vidrine's vehicle neared, he saw the passenger, defendant, "ben[d] down into the floorboard," "immediately [sit] up . . . back in the seat" and toss "some papers . . . out the passenger's side window." Further investigation disclosed an empty cigarette pack, several "books of matches," "a couple of burnt matches," and a "piece of screen" on the ground beneath the passenger window of the truck. Looking inside, Vidrine observed numerous additional "burnt matches" on the passenger side of the truck floorboard and "white crumbs" in defendant's lap. As a result of his training and experience, Vidrine recognized the screen and burned matches as "indicative of drug usage" and suspected the "crumbs" were crack cocaine.

At Vidrine's request, defendant exited the truck, and Vidrine noticed a small white "rocklike" substance of suspected crack cocaine on the passenger seat. A search of defendant's person disclosed more "crumbs of the same type of substance in [defendant's] left front trouser pocket." Under the passenger seat, Vidrine found an item which he identified as a crack smoking device, including a screen and wire mesh, and subsequent

laboratory analysis confirmed the presence of cocaine residue on the pipe.

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citation omitted) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Circumstantial evidence is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence. Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994); see McGee, 4 Va. App. at 322, 357 S.E.2d at 740; Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986). Although defendant's mere proximity to drugs is insufficient to establish possession, Code § 18.2-250, it is a fact which may be considered in resolving the issue. See Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882-83 (1992) (en banc).

Here, defendant was a passenger in a darkened truck parked in the road. Officer Vidrine initially observed defendant in a bending position but, when Vidrine's headlights illuminated the truck, he immediately arose and discarded several items from the window, including matchbooks, burned matches and a screen, all

items related to cocaine use. Vidrine found additional burned matches on the passenger floorboard of the truck and white "crumbs" resembling crack cocaine in defendant's lap, in his pants pocket and on the passenger seat. A crack pipe found beneath the passenger seat tested positive for cocaine residue. Such evidence provided ample support for the court's conclusion that defendant constructively possessed cocaine, aware of the nature and character of the illicit substance.

Defendant's reliance on Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994), and Scruggs v. Commonwealth, 19 Va. App. 58, 448 S.E.2d 663 (1994), is misplaced. In Jones, defendant was a passenger in an automobile with five small rocks of cocaine on a tray located between the passenger and driver seats and cocaine residue on a soda can beneath the passenger's seat. Thus, the only evidence incriminating Jones was his proximity to the drugs, clearly insufficient to support a conviction. 17 Va. App. at 574, 439 S.E.2d at 864. In Scruggs, the police found cocaine secreted within a tear in the passenger seat of his vehicle, also occupied by another person, and Scruggs in actual possession of cash and a firearm. 19 Va. App. at 59-60, 448 S.E.2d at 664. In reversing the conviction, the Court recognized that Scruggs' possession of these items was probative of an intent to distribute, but reasoned that "circumstantial proof of Scruggs' intent [could not] be used to 'bootstrap' proof of the predicate fact that he actually or constructively

possessed cocaine."  Id. at 62, 448 S.E.2d at 665.  Manifestly, the conviction in this instance is supported by additional substantive evidence.

Accordingly, we affirm the decision of the trial court.

Affirmed.