COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


PAUL HOLLAND
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0664-96-1       JUDGE RICHARD S. BRAY
                                          FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Walter J. Ford, Judge

            Timothy G. Clancy (Cumming, Hatchett &
            Jordan, on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Paul Holland (defendant) was convicted in a bench trial for

possession of both marijuana and cocaine with intent to

distribute, and related possession of a firearm.  On appeal, he

contends that the evidence was insufficient to prove that he

possessed the offending drugs.  We disagree and affirm the

convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     In reviewing a challenge to the sufficiency of the evidence,

we examine the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The fact finder is not required to believe the entire testimony of a witness, but may find portions believable, while rejecting the balance as implausible.  See, e.g., Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

> [P]ossession of a controlled substance may be actual or constructive.  "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citations omitted).  In resolving the issue, the court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence of possession is sufficient to

establish possession, provided it excludes every reasonable hypothesis of innocence.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Here, defendant acknowledged that he "stay[ed]" at the subject residence with his "girlfriend" and their infant daughter and admitted ownership of numerous items seized at the premises, including electronic scales hidden with the drugs in the "master" bedroom and five firearms,[1] his current military identification card, two cellular telephones, a pager, title to an automobile registered to defendant, and $852.65 in cash, all also found in the bedroom.  Additionally, defendant admitted ownership of cash, receipts, and other documents discovered in a safe in the bedroom closet.  When defendant claimed this property from police, he refused to "discuss" ownership of the drugs, but denied possession during trial testimony.

---

[1]These firearms included a loaded .357 magnum handgun, hidden beneath clothing in a baby cradle, and ammunition.

The only reasonable hypothesis flowing from the evidence was that defendant resided at the residence and constructively possessed the drugs secreted with his scales in the bedroom, together with other of his property, including articles consistent with drug distribution.[2]  "Although none of [the] circumstances, standing alone, would have sufficiently proved that defendant possessed the drugs, the facts combined to support the finding that the narcotics discovered were subject to defendant's informed 'dominion and control.'"  Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994).  Notwithstanding defendant's protestations of innocence, the court was entitled to conclude that defendant was untruthful to conceal his constructive possession of the drugs in the bedroom.

Accordingly, we affirm the convictions.

Affirmed.

---

[2]Defendant does not challenge the sufficiency of the evidence to prove intent to distribute.  Although evidence of possession may coincide with evidence of intent to distribute, the "circumstantial proof of [the accused's] intent [to distribute]" has not "[been] used to 'bootstrap' proof of the predicate fact that he actually or constructively possessed [the drugs]" in this instance.  Scruggs v. Commonwealth, 19 Va. App. 58, 62, 448 S.E.2d 663, 665 (1994); see Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992) ("It does not follow . . . that because . . . drug dealers frequently own guns, cellular telephones, or beepers, [the accused], who owned a handgun and cellular telephone, was a drug dealer and, therefore, . . . knowingly possessed the marijuana found in his parked vehicle.").