COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


DELNOR JOSE BANKS
                                        MEMORANDUM OPINION* BY
v.    Record No. 1405-98-2              JUDGE LARRY G. ELDER
                                            APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                   Richard H. C. Taylor, Judge

        Linwood T. Wells, III, for appellant.

        Ruth Ann McKeaney, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Delnor Jose Banks (appellant) appeals from his bench trial

conviction for possession of cocaine.  On appeal, he contends

the evidence was insufficient to support his conviction.  For

the reasons that follow, we agree and reverse the conviction.

                              I.

                            FACTS

     Shortly before 7:00 p.m. on June 23, 1997, Deputy Sheriff

Brian Bradley saw a car parked on the side of a road, and he

pulled up behind it.  As Bradley approached on foot to see "if

everything was okay," he saw the vehicle's front-seat passenger

"lean[] down" as if "he was trying to hide something," and

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Bradley noticed smoke coming out from under the middle of the vehicle's "front seat area." When Bradley asked appellant about the source of the smoke, appellant responded that "he did not know unless it was a cigarette." Appellant denied that he and his passenger were doing anything illegal and told Bradley that his car had overheated, but when Bradley looked at the temperature gauge, it displayed a normal reading.

During a consent search, Bradley found cocaine on the passenger, but appellant denied that there was any crack cocaine in the vehicle. However, in a search of the vehicle, Bradley found a small, clear container of what proved to be crack cocaine and a set of scales in the glove box, a razor blade with an unidentified white residue on it in the ashtray, and two one-hundred-dollar bills in the driver's side door console. At some point during the encounter, Deputy Bradley determined that the smoke he saw was emanating from a beer can, but he provided no other testimony regarding the significance of the can, other than to say he did not attempt to have it fingerprinted. Deputy Bradley testified that he did not recall checking the car's registration but believed the vehicle belonged to appellant's wife because she came to the sheriff's office to try to get it back.

Appellant testified and denied any knowledge of the cocaine in the car or in the passenger's possession. He said he was aware his passenger had a beer can but said he was paying

-

attention to his car, which had a tendency to overheat, rather than to the beer can.

## II.

### ANALYSIS

When the Commonwealth is required to prove beyond a reasonable doubt that an accused possessed illicit drugs by establishing constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted).  Proof of constructive possession necessarily rests on circumstantial evidence; thus, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).  Proximity to drugs is a circumstance which may be probative in determining whether an accused possessed drugs, but proximity alone is insufficient to prove possession.  See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).  Likewise, ownership or occupancy of the vehicle in which drugs are found is a circumstance probative of possession but is insufficient, standing alone, to establish possession.  See Drew, 230 Va. at

-

473, 338 S.E.2d at 845 (citing Code § 18.2-250).  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."  Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Viewing the evidence in the light most favorable to the Commonwealth and according it all reasonable inferences fairly deducible therefrom, as we must on appeal, see Garland, 225 Va. at 184, 300 S.E.2d at 784, we find that the evidence was insufficient, as a matter of law, to prove that appellant possessed or knowingly exercised dominion and control over the cocaine found in the glove box of the vehicle.  The evidence proved only that appellant occupied the vehicle and was in proximity to the cocaine.  Appellant engaged in no furtive behavior and made no statements tending to show he was aware that cocaine was present anywhere in the car.  See Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 665 (1994) ("reject[ing] . . . argument that [accused] must have possessed the cocaine because it was hidden in his automobile," secreted in a tear in the upholstery).  Therefore, although highly suspicious, the evidence does not exclude the reasonable hypothesis that appellant's passenger or appellant's wife placed the cocaine in the glove box and that appellant was unaware of its presence.  See id. at 61-62, 448 S.E.2d at 665.

The prosecutor argued to the trial court that cocaine was being used in the car and that the beer can from which Deputy

-

Bradley saw smoke emanating was the device being used to smoke the cocaine. However, no evidence in the record permitted the trial court to draw such inferences, for no evidence indicated that cans may be used to smoke cocaine or that cocaine residue was on the can Deputy Bradley found beneath the seat of appellant's car. The only indication given at trial that the beer can was being used to smoke cocaine came from a question the prosecutor posed to appellant on cross-examination. The prosecutor's question assumed a fact--that it was "cocaine that was smoking from the beer can . . . under the seat"--not established by the evidence, and, of course, the prosecutor's statement itself was not evidence in the case. Therefore, even assuming the evidence established that appellant was aware of the smoking can in the car, no evidence in the record linked that smoking can to the cocaine found in the glove box.

In addition, the evidence did not establish whether appellant was aware of the presence and character of the razor blade and unidentified white residue in the ashtray or whether the razor blade was visible to him. See Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (noting absence of evidence to prove passenger accused of possessing cocaine saw small pieces of cocaine on car's console or that he recognized items as cocaine).

Although the trial court was entitled to conclude that appellant was lying to conceal his guilt and to reject his

-

testimony on that basis, <u>see</u>, <u>e.g.</u>, <u>Pugliese v. Commonwealth</u>, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993), this rejection did not constitute affirmative evidence of appellant's guilt.  The Commonwealth was still required to offer affirmative evidence that proved appellant was aware of the presence and character of the cocaine and that excluded all reasonable hypotheses of innocence.  Although the circumstances were highly suspicious, they were insufficient to prove appellant's guilt beyond a reasonable doubt.  <u>See</u> <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 439, 425 S.E.2d 81, 86 (1992).

For these reasons, we hold the circumstantial evidence was insufficient to exclude all reasonable hypotheses of innocence, and we reverse appellant's conviction.

<u>Reversed.</u>

-