COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


RODNEY ARZAN COBBS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1692-99-2          JUDGE RICHARD S. BRAY
                                         JUNE 27, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Brian J. Grossman (Eck, Collins & Marstiller,
            on briefs), for appellant.

            (Mark L. Earley, Attorney General, Amy L.
            Marshall, Assistant Attorney General, on
            brief), for appellee. Appellee submitting on
            brief.


     Rodney Arzan Cobbs (defendant) was convicted in a bench trial

for possessing cocaine with intent to distribute. On appeal, he

complains that the evidence was insufficient to support the

conviction.[1] We agree and reverse the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] Defendant also challenges a conviction in the trial court
for possession of heroin with intent to distribute. However, an
appeal was granted only "as to appellant's cocaine conviction."

I.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded their testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence. See Code § 8.01-680.

Viewed accordingly, the evidence disclosed that, on January 29, 1999, Richmond Police Officers Michael Musselwhite and David Nauroz executed a search warrant at 10 East 19th Street, the "downstairs apartment" of a duplex residence. Police found the entry door to the building unlocked and entered a "common foyer," which provided access, through separate doors, to the apartment, a "storage area" and the "upstairs apartment."[2]

The entry door into the downstairs apartment was ajar and Nauroz observed defendant "laying on the couch" and a "female"

_____

[2] In the foyer, beneath a sweater "at the base" of the door into the storage area, police found a "black nylon pouch" that contained two grams of heroin, packaged in 31 individual "glassine envelopes," 2.326 grams of cocaine wrapped in seven "plastic bag corners," razorblades, and "numerous unused syringes." However, the trial court found the evidence insufficient to establish that defendant possessed such items.

-

"sitting in a chair," both in the "living room." Entering the apartment, police observed "one long room," divided by open doorways into a living room, bedroom and adjacent bath, and kitchen. A search was immediately undertaken, resulting in the discovery and seizure of a "nylon bag containing a rock-like substance," later identified as .137 grams of cocaine, "lying on the [bedroom] floor in plain view," a syringe under the couch, three cellular phones, a pager under the refrigerator, "numerous [plastic] baggies with corners cut out,"[3] an empty sandwich bag box in the kitchen trash can, and $166 on defendant's person. Also in a trash can "at the rear door outside [the apartment]," police found "numerous . . . glassine envelopes that appear[ed] to have been used and discarded."

Christine Hilton, an admitted "drug addict" then "going with" defendant, was found inside the bathroom, together with her purse, which contained .302 grams of heroin, a syringe, and a "rental agreement" for a television, executed by both Hilton and defendant, naming the two as "Renter," at the apartment address. During trial, Hilton denied she and defendant resided in the apartment, but admitted ownership of the heroin and cocaine seized during the search.

_____

[3] Richmond Police Officer Thomas Lloyd, qualified as an "expert in street level distribution," testified that "[d]rug dealers often . . . cut out" the corners of "plastic sandwich bags" and package "an individual sale unit of crack cocaine . . . inside [the] corner."

-

II.

In challenging the sufficiency of the evidence to support his conviction, defendant addresses only the possession element of the offense.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). Circumstantial evidence probative of an intent to distribute drugs "cannot be used to 'bootstrap' proof of the predicate fact that [an accused] actually or constructively possessed" the contraband. Scruggs v. Commonwealth, 19 Va. App. 58, 62, 448 S.E.2d 663, 665 (1994). "[O]wnership or occupancy of the premises where the drug is found does not create a presumption of possession[,]" but "may be considered in deciding whether an accused possessed the drug." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998).

-

Here, evidence suggested that cocaine was both consumed and packaged for distribution at the apartment, but failed to prove beyond a reasonable doubt that defendant, resting on a couch in the living area, was aware of both the presence and character of the drug found on the bedroom floor, secreted within a "nylon bag."  The record established only that defendant, while sharing the apartment with an admitted user of both cocaine and heroin, was on the premises with a third person when police discovered the offending drug in an adjoining room.  Such circumstances support the reasonable hypothesis that defendant did not consciously possess cocaine that belonged to Hilton or, perhaps, another, notwithstanding his awareness of Hilton's habits and related activity.  See generally Huvar v. Commonwealth, 212 Va. 667, 668, 187 S.E.2d 177, 178 (1972) (presence in apartment that smelled of marijuana, with substantial quantities of drugs in plain view, was insufficient proof that Huvar "owned, possessed or exercised any control over these specific drugs").

Accordingly, we find the evidence insufficient to support the conviction and reverse the trial court.

Reversed and dismissed.

-