COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


ANGELO WILLIAMS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0289-00-1          JUDGE JAMES W. BENTON, JR.
                                          JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            Sarah A. Mansberger, Assistant Public
            Defender (Melinda R. Glaubke, Senior
            Assistant Public Defender, on brief), for
            appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     A jury convicted Angelo Williams of possession of cocaine

with the intent to distribute.  He contends the evidence was

insufficient to support the conviction.  He also contends the

trial judge erred by admitting in evidence marijuana found in the

container with the cocaine and an order proving a prior

conviction.  We hold that the evidence was insufficient to prove

constructive possession of the cocaine and reverse the conviction.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The evidence at trial proved that Virginia State Trooper William S. Towles saw Angelo Williams driving alone at 4:30 p.m. in a traffic lane designated for vehicles containing two or more people. Williams was also exceeding the posted speed limit. After he stopped Williams for those infractions, he learned that Williams's operator's license had been suspended and arrested Williams. In a search of the vehicle, which was registered to a relative of Williams, Trooper Towles saw objects on the floor and inspected "a Planter's nut can [located] underneath the driver's seat." Inside the can, he found a plastic bag containing three smaller bags of crack cocaine. Over Williams's objection, the trial judge permitted Trooper Towles to testify that the can also contained marijuana.

When Trooper Towles later showed the can and its contents to Williams, Williams denied knowledge of them and said it was not his vehicle. Trooper Towles searched Williams again and removed from Williams's shirt pocket money totaling $600, which was in denominations of "one $100 bill, twenty-two $20s, four $10s, and four $5s." In response to Trooper Towles's inquiries, Williams told him the money was "for a bill" he had to pay for his aunt.

A detective testified as an expert witness that the bags found in the can contained numerous "portions of crack cocaine . . . in, roughly, the . . . size [of a] $20 rock" and that the fifteen grams of cocaine in the bags would have a value of $3,000.

-

He also testified "that the typical dosage unit for a user of crack cocaine would be a $20 rock" and that a user of crack cocaine would usually possess or have close at hand a smoking device.  He further testified that drug dealers often package their money in the denominations taken from Williams.

At the conclusion of the Commonwealth's case-in-chief, the trial judge admitted in evidence, over Williams's objection, an order reflecting Williams's previous conviction for possession of cocaine with the intent to distribute.  Although the indictment did not allege other offenses, the prosecutor offered the order as evidence in the guilt phase of the trial because "the Commonwealth [was] proceeding on [Code § 18.2-248(C)], the enhancement provision."

Following the Commonwealth's evidence, Williams's aunt testified that the day Williams was arrested she had given him "five hundred and eighty some dollars" to obtain money orders to pay her rent and car payment.  She also testified that the vehicle Williams was driving when he was arrested belonged to her niece.

At the conclusion of the evidence, the jury convicted Williams of possession of cocaine with the intent to distribute "as charged in the indictment."  Following the penalty phase of the trial, the jury recommended "punishment at fifteen (15) years confinement and $3,000."

-

II.

"The Commonwealth had the burden to prove by evidence beyond a reasonable doubt that [the accused] possessed the [cocaine] with intent to distribute." Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984). When, as here, the conviction is based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [cocaine] and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

In addition, when a conviction for constructive possession of a controlled substance is based on circumstantial evidence, the following principles apply:

> "[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. . . ."
>
> But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of

-

> guilty.  The actual commission of the crime
> by the accused must be shown by evidence
> beyond a reasonable doubt to sustain his
> conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citation omitted).

Equally well established is the principle that a person's occupancy of a vehicle in which a controlled substance is found raises no presumption that the person "either knowingly or intentionally possessed [the] controlled substance."  Code § 18.2-250; Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).  Thus, we have held that "'[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction.'"  McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (quoting Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986)).  Simply put, the existence of evidence necessary to prove elements of the offense "cannot be based upon surmise or speculation."  Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

The evidence favorable to the prosecution's case has three basic components:  the presence of cocaine in the can underneath the seat, Williams's possession of the money, and Williams's nervous behavior.  The evidence also proved, however, that the vehicle Williams was driving belonged to his relative.  The trooper did not see Williams actually possess the can containing

-

the controlled substances or engage in any conduct which suggested he knew the can was in the vehicle. No evidence proved Williams had touched the can or its contents. Moreover, Williams made no statements tending to show he was aware of the presence of the can or the controlled substances. Indeed, he denied knowing either was in the vehicle. The evidence also proved that the can containing the cocaine was under the seat and not visible through ordinary observation.

A person's proximity to a place where a controlled substance is present is insufficient to support a conviction where the evidence does not prove that the person intentionally and knowingly possessed the controlled substance. See Clodfelter, 218 Va. at 623, 238 S.E.2d at 822 (holding that evidence failed to prove the occupant of hotel room intentionally and knowingly possessed drugs that were present in his room but hidden from view); Scruggs v. Commonwealth, 19 Va. App. 58, 61-63, 448 S.E.2d 663, 665-66 (1994) (holding that the evidence failed to prove the vehicle's driver knew of the presence of the drugs, which were hidden in a passenger seat); Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (holding that the passenger in car did not constructively possess drugs where the evidence failed to prove either that he saw drugs between seats or knew of drugs under the seat); Nelson v. Commonwealth, 17 Va. App. 708, 711, 440 S.E.2d 627, 628-29 (1994) (holding that the occupant of a hotel room did not

-

constructively possess drugs found in the room where drugs were not in plain view, no drugs were found on him, and evidence failed to show how long he had been in room).  As in those cases, the trier of fact was left to surmise whether Williams might have been aware of the can and its contents, which were under the seat and not readily visible.  See Jones, 17 Va. App. at 574, 439 S.E.2d at 864 (noting that "the evidence also failed to prove that [the accused] knew the can with cocaine . . . was under the [vehicle's] seat where [he] sat").  Thus, the evidence was insufficient to prove Williams constructively possessed the cocaine because it did not prove he knowingly and intentionally exercised dominion and control over the unseen items.  See Powers, 227 Va. at 476, 316 S.E.2d at 740.

Williams's nervousness when he was stopped for the traffic infractions and the presence of money in Williams's pocket folded in the various denominations are circumstances that create suspicion but lend little probative value to the inquiry whether Williams was aware of the presence of the cocaine in the vehicle.  Although Williams became very nervous when Trooper Towles stopped him and went to check his driving status, the evidence also proved Williams was driving "on a suspended operator's license."  Moreover, the money was not unexplained and was not being carried in an area of pervasive drug activity. Cf. Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882-83 (1992).  "It is, of course, a truism of the criminal law

-

that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt." Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951). The evidence in this record is not "wholly consistent with guilt and wholly inconsistent with innocence." Scruggs, 19 Va. App. at 61, 448 S.E.2d at 664. "Conviction cannot rest upon [surmise and] conjecture." Smith, 192 Va. at 461, 65 S.E.2d at 533. See also Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977).

Viewed in its totality, the evidence in this record is insufficient to prove beyond a reasonable doubt the elements of the offense of which Williams was convicted. Accordingly, we reverse the judgment and dismiss the indictment. Thus, we need not address the two issues alleging inadmissible evidence.

Reversed and dismissed.