COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


WILLIE F. WILSON, S/K/A
 WILLIE FRANK WILSON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0597-01-1          JUDGE ROBERT P. FRANK
                                       FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Westbrook J. Parker, Judge

            Barrett R. Richardson (Richardson &
            Rosenberg, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General; Virginia B. Theisen, Assistant
            Attorney General, on brief), for appellee.


     Willie F. Wilson, s/k/a Willie Frank Wilson (appellant) was

convicted in a bench trial of possession of cocaine, in violation

of Code § 18.2-250.  On appeal, he contends the evidence was

insufficient to convict.  For the reasons stated herein, we affirm

the conviction.

     When considering the issue of sufficiency on appeal, we

view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

349, 352, 218 S.E.2d 534, 537 (1975).  "In so doing we must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'"  Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954))).  The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it.  See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

Possession of a controlled substance may be actual or constructive.  Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).  "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the appellant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  See Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

-

> Proof by circumstantial evidence "is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture." Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (citing Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)). "'All necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt." Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)). The Commonwealth need not "'exclude every possible theory or surmise,'" but it must exclude those hypotheses "'which flow from the evidence itself.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citations omitted).

Betancourt v. Commonwealth, 26 Va. App. 363, 373-74, 494 S.E.2d 873, 878 (1998). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

The drugs were found in the driver's side console, no more than one foot from where appellant had been sitting. While mere proximity to drugs is insufficient by itself to establish possession, such a circumstance is probative in determining

-

whether an accused possessed the drugs.  Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

In addition, appellant was the sole occupant and driver of the vehicle, although he did not own the car.  The car was licensed in Michigan, and appellant had a Michigan identification card.[1]  These facts suggest appellant's use was continuous and exclusive rather than a quick, momentary borrowing of the vehicle.  "Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession."  Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

Appellant argues that our decisions in Jones v. Commonwealth, 17 Va. App. 572, 439 S.E.2d 863 (1994), and Scruggs v. Commonwealth, 19 Va. App. 58, 448 S.E.2d 663 (1994), control the outcome of this case.  We disagree.  The facts in those cases differ significantly from the case at hand.

In Jones, there were two occupants of the vehicle, Jones and the driver.  17 Va. App. at 573, 439 S.E.2d at 863.  A small quantity of cocaine was found in a small tray between Jones and the driver.  Id.  We held, since the evidence showed only "mere proximity" to the drugs, the conviction could not stand.  Id. at 574, 439 S.E.2d at 864.

---

[1] Appellant's license to drive in Virginia had been revoked previously.

-

In Scruggs, Scruggs was the driver of a car, and Ross was the passenger. 19 Va. App. at 59, 448 S.E.2d at 664. The officer observed a shirt covering the front passenger seat where Ross had been sitting. Id. at 60, 448 S.E.2d at 664. Under the shirt, the passenger seat was damaged with "numerous slits and holes." Id. In one slit, the police found a plastic bag containing eighteen rocks of cocaine and keys belonging to Ross. Id. We reversed Scruggs' conviction because we could not exclude the reasonable hypothesis, arising from the evidence, that Ross placed the cocaine and his keys in the slit. Id. at 61-63, 448 S.E.2d at 665-66.

Here, in contrast to Scruggs, the drugs[2] were found within appellant's reach in the console of the driver's side door. This circumstance is probative of his guilt. See Brown v. Commonwealth, 5 Va. App. 489, 491-93, 364 S.E.2d 773, 774-75 (1988) (finding the evidence was sufficient to support a conviction for possession of cocaine found in plain view and within an arm's reach of the accused, even though others were present).

More importantly, evidence of appellant's behavior supports the trial court's finding that he was aware of the presence and character of a drug. He began to yell, scream, and act "very erratic" as Bryant began the inventory search of his car. Such

_____

[2] The certificate of analysis indicated the cocaine weighed 0.07 grams.

-

circumstantial evidence can be an important factor in a case.

For example, in Hardy v. Commonwealth, this Court found:

> Hardy was the sole occupant of the vehicle
> in which the drugs were found.  Hardy had
> given his car keys to his girlfriend after
> seeing the police.  When Hardy's girlfriend
> spoke with the police, Hardy yelled to her,
> "don't give them the keys."  His actions and
> the words directed to her bespeak a guilty
> knowledge that drugs were present in the
> vehicle's trunk.

17 Va. App. 677, 682-83, 440 S.E.2d 434, 437-38 (1994).  See
also Burke v. Commonwealth, 30 Va. App. 89, 93, 515 S.E.2d 777,
779 (1999) (concluding "[t]he defendant's actions together with
his physical possession of the drug support the finding that he
knew its nature and character," where the defendant "became
belligerent, began cursing, and tried to push past the guard" as
well as attempted to take off the jacket in which the drugs were
found).

Here, during his arrest for trespassing on park property,
appellant had remained calm when handcuffed and placed in the
police car.  These facts belie appellant's argument that he
acted in an extreme fashion because he was upset by being
detained on the trespassing charge.  Only when he learned that
his car would be searched and towed did he attempt to distract
the officer.  This behavior, when viewed within the totality of
the circumstances, supports the trial court's finding that
appellant was aware of the presence and the character of the

-

drugs and that the drugs were subject to his dominion and control.

While each factor, occupancy, proximity, and behavior, individually may not be sufficient to show knowledge, dominion, and control, these factors converge in this case, allowing the trial court to convict appellant of possession of cocaine. See Gregory v. Commonwealth, 28 Va. App. 393, 398-99, 504 S.E.2d 886, 888-89 (1998) ("A person's ownership or occupancy of premises on which the subject item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession.").

From the evidence presented, the trial court could properly conclude appellant was guilty of possession of cocaine. We affirm the conviction.

Affirmed.